IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
RECEIVED
Filed
AUG 3 0 2002
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| HERIBERTO HERNANDEZ, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | Civil Action No. |
| | § | |
| UNUM LIFE INSURANCE COMPANY | § | B-02-164 |
| OF AMERICA and UNITRIN, INC., | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES HERIBERTO HERNANDEZ, Plaintiff in the above-referenced cause of action, complaining of Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") and UNITRIN, INC. ("UNITRIN"), and for cause of action would show as follows, to wit:

### I.  PARTIES

1.  Plaintiff HERNANDEZ is an individual who resides at 1065 Squaw Valley, Brownsville, Cameron County, Texas.

2.  Defendant UNUM is a foreign insurance company that does business in Texas and can be served with citation by serving its registered agent for service, CT Corporation System 350 North St. Paul Street, Dallas, Texas  75201 by certified mail, return receipt requested.  UNUM was the insurer that funded HERNANDEZ'S long-term disability plan,

served as co-administrator of the plan, and made discretionary decisions about coverage under the plan.

3. Defendant Unitrin, Inc. is a foreign corporation that does business in Texas and can be served with citation by serving its registered agent for service, Secretary for UNITRIN, One East Wacker Drive, 11th Floor, Chicago, Illinois 60601 by certified mail, return receipt requested. Unitrin, along with UNUM, was the administrator of HERNANDEZ'S long-term disability benefit plan.

## II. JURISDICTION

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. 1331, as the Plaintiff's claims are for disability benefits under ERISA (Employees Retirement Income Security Act of 1975).

## III. FACTS

5. Plaintiff Heriberto Hernandez worked as a door-to-door life insurance salesperson for the Reliable Life Insurance Company ("Reliable") from July 13, 1987 to August of 2000. In August of 2000 the Plaintiff was diagnosed with heart disease and coronary artery disease. In September of 2000, Hernandez underwent cardiac catheterization. He underwent coronary bypass surgery in November of 2000. In June 2001 the Plaintiff failed a breath test and was diagnosed with chronic obstructive pulmonary disease. As a result of Mr. Hernandez's heart and lung problems, he was only walk ½ to 1 block at a time subsequent to his heart surgery. Hernandez did not return to work after his heart surgery. His last day of work was August 22, 2000.

6. Plaintiff's employer, Reliable, as part of a group of insureds, paid the premiums for the long term disability policy. The Plaintiff was the beneficiary of the long-term disability policy with UNUM. Defendant UNITRIN, INC. was the plan sponsor. The policy was in force when Mr. Hernandez became disabled in August of 2000. Plaintiff was paid short-term disability benefits for 26 weeks, the maximum length that his policy allowed. The short-term disability payments ceased on February 19, 2001.

7. After his short-term disability benefits ended, Plaintiff applied for long-term disability benefits with UNUM. His claim was denied by UNUM by letter dated June 4, 2001. Pursuant to the Plaintiff's appeal of UNUM'S decision, in December of 2001 the Plaintiff agreed to the IME that UNUM requested. The IME was performed by Donald Weiner, Ph.D., a psychologist, on December 10, 2001. UNUM submitted Dr. Weiner's report to Dr. Milton Jay, a consulting neuropsychologist, along with the Plaintiff's medical records. Although he never saw the Plaintiff, Dr. Jay opined that the Plaintiff was malingering and was able to perform his work. Based upon these documents, on February 8, 2002, UNUM transmitted a letter to the Plaintiff, advising him that UNUM'S prior decision regarding disability benefits was being upheld, but that the information would be forwarded to UNUM'S Quality Performance Support Unit in Portland, Maine.

8. Despite this second denial, the Plaintiff received a letter on February 18, 2002, indicated that is original request for appeal, received by UNUM on October 17, 2001, was untimely and therefore UNUM would not entertain any further appeal.

9. Plaintiff was granted Social Security disability benefits in the fall of 2001 and received benefits, either in the form of monthly payments or back benefits, since February of 2001.

## IV. CAUSE OF ACTION UNDER ERISA

10. Plaintiff brings this cause of action for benefits under 29 U.S.C.A. 1132(a) of ERISA.

## V. DAMAGES

### A. Actual Damages

11. Plaintiff has incurred actual damages in the amount of $9,706.50, representing the net back benefits due from the date of termination of the elimination period, February 20, 2001, to the present (August 20, 2002), calculated @ $539.25 per month, after application of the offset of monthly Social Security Disability Benefits that the Plaintiff received. The calculation is based upon Hernandez's salary for 1999, which was $32,865.11.

### B. Additional Relief Under Erisa

12. In addition, Plaintiff prays for a judgment clarifying his rights to future monthly disability benefits under 1132(a).

## VI. STATUTORY INTEREST

13. Although this is an ERISA case, the interest provisions of Article 21.55 of the Texas Insurance Code should apply, as Article 21.55(6) of the Texas Insurance Code is a statute that regulates insurance within the meaning of ERISA's savings clause. Further, the interest provisions of Article 21.55 are not inconsistent with the civil enforcement provisions of ERISA, but rather complement them. As such, 18% interest should attach to all sums due

the Plaintiff beginning on the 61st day after the date that benefits should have been paid under ERISA to the date of judgment in this matter.

## VII. ATTORNEY'S FEES

14. In addition, the Plaintiff prays for his attorney's fees and costs under 29 U.S.C.A. 1132(g).

## PRAYER

Wherefore, premises considered, Plaintiff prays for back benefits, a declaration of rights as to future benefits, costs, and attorney's fees. The Plaintiff also prays for pre-judgment interest in accordance with Article 21.55 of the Texas Insurance Code, post-judgment interest, and for such other and further relief, both at law and in equity, to which it may show itself to be justly entitled.

Respectfully Submitted,

**HARKINS, LATIMER & DAHL, P.C.**
405 N. St. Mary's Street, Suite 242
San Antonio, Texas 78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)

By: _____
JEFFREY E. DAHL
State Bar No. 05310900

**ATTORNEYS FOR PLAINTIFF
HERIBERTO HERNANDEZ**