IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 17 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HERIBERTO HERNANDEZ, | § § § | |
| Plaintiff, | § § | |
| v | § § | C.A. No. B-02-164 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA and UNITRIN, INC., | § § § § § | |
| Defendants. | § § | |

### DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S ORIGINAL ANSWER AND COUNTERCLAIM

Defendant Unum Life Insurance Company of America ("Unum Life") submits this original answer and counterclaim to the original complaint of Plaintiff Heriberto Hernandez ("Plaintiff") and states:

### ANSWER

1. Admits, on information and belief, the allegations in paragraph 1.

2. With respect to the allegations in paragraph 2, admits that Unum Life is a Maine corporation with its principal place of business in Portland, Maine; admits that Unum Life does business in Texas; admits, for purposes of this action only, that it has been properly served with process; admits that it issued its group insurance policy number

204571 001 (the "Policy"), to Defendant Unitrin, Inc. ("Unitrin") with an effective date of January 1, 2000; admits Plaintiff was covered under the Policy as an employee of Unitrin; admits that the Policy vests discretion in Unum Life to determine eligibility for benefits; and denies the remaining allegations.

3. With respect to the allegations in paragraph 3, admits that Unitrin was the plan administrator for the employee welfare benefit plan in which Plaintiff participated; and states that it lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies them.

4. Admits the allegations in paragraph 4.

5. With respect to the allegations in paragraph 5, admits Hernandez was an insurance agent for Reliable Life Insurance Company ("Reliable"); admits Hernandez's employment with Reliable began on or about July 13, 1987; admits Hernandez last worked for Reliable on or about August 21, 2000; admits Hernandez was diagnosed with coronary artery disease and had angioplasty and coronary bypass surgery; and denies the remaining allegations.

6. With respect to the allegations in paragraph 6, admits that as an employee of Reliable Hernandez was a participant in an employee welfare benefit plan funded, at least in part, through the purchase of the Policy; admits the Policy was in force as of August 2000; admits Hernandez was paid short-term disability benefits under Unitrin's short-term

disability benefit plan for 26 weeks; admits the short-term disability benefits ceased on February 19, 2001; states Hernandez receive salary continuation from his employer through August 14, 2001; admits Hernandez's premiums for coverage under the Policy were paid by his employer; and denies the remaining allegations.

7. With respect to the allegations in paragraph 7, admits Unum Life advise Hernandez by letter dated June 4, 2001 that benefits were not payable under the Policy; admits an independent medical examination of Hernandez was completed by Donald Weiner, Ph.D. on or about December 10, 2001; admits Dr. Milton Jay reviewed Hernandez's claim including the report of Dr. Weiner; states that Dr. Jay's opinions are contained within the administrative record and states the report speaks for itself; admits by letter dated February 8, 2002, Unum Life advised Hernandez that it was upholding its initial determination; admits that Unum Life advised Hernandez that his claim would be forwarded to the Quality Support Unit in Portland, Maine; and denies the remaining allegations.

8. With respect to the allegations in paragraph 8, admits Unum Life sent Plaintiff a letter dated February 18, 2002; but states the letter speaks for itself.

9. Admits the allegations in paragraph 9.

10. States that the allegations in paragraph 10 speak for themselves and that no response in necessary.

11. Denies the allegations in paragraph 11.

12. Denies the allegations in paragraph 12.

13. Denies the allegations in paragraph 13.

14. Denies the allegations in paragraph 14.

15. Denies that Hernandez is entitled to any relief requested in his prayer.

16. Denies all allegations not specifically admitted.

17. Plaintiff's state law claim under Tex. Ins. Code art. 21.55 is completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") and expressly preempted by 29 U.S.C. § 1144 (a).

18. Unum Life did not abuse its discretion when it determined that Plaintiff was not disabled as defined in the Policy.

19. Any benefits due Plaintiff are subject to all offsets or other limitations set forth in the Policy.

## COUNTERCLAIM

20. Unum Life is entitled to recover its reasonable and necessary attorney's fees and costs of court pursuant to 29 U.S.C. § 1132 (g).

## RELIEF REQUESTED

21. Unum Life respectfully requests the following relief:

    (a) that Hernandez take nothing on his claims;

 (b) that Unum Life be dismissed with its costs and attorney's fees; and

 (c) that Unum Life have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: _____
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas   75202-3796
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Jeffrey E. Dahl, Harkins, Latimer & Dahl, PC., 405 N. St. Mary's Street, Suite 242, San Antonio, Texas 78205, on this 16th day of October, 2002.

*[signature]*
Doug K. Butler