IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 2 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| HERIBERTO HERNANDEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. B-02-164 |
| § | |
| UNUM LIFE INSURANCE COMPANY § | |
| OF AMERICA and UNITRIN, INC., § | |
| § | |
| Defendants. § | |

### UNITRIN, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Unitrin, Inc. ("Unitrin"), by and through its attorneys, for its answer to Plaintiff's Original Complaint (the "Complaint"), states as follows:

#### Answer to Plaintiff's Allegations

**I. PARTIES**

1. Plaintiff HERNANDEZ is an individual who resides at 1065 Squaw Valley, Brownsville, Cameron County, Texas.

**Answer:** On information and belief, Unitrin admits the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant UNUM is a foreign insurance company that does business in Texas and can be served with citation by serving its registered agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201 by certified mail, return receipt requested. UNUM was the insurer that funded HERNANDEZ'S long-term disability plan, served as co-administrator of the plan, and made discretionary decisions about coverage under the plan.

**Answer:** Unitrin admits that Unum Life Insurance Company of America ("Unum") supplied Unitrin with a fully-insured long-term disability plan for certain employees of Unitrin and certain of its affiliates and that Unum administered that plan and all benefits available thereunder and made discretionary decisions about coverage and benefits available under that

plan. Unitrin denies, for want of knowledge and information sufficient to form a belief, the allegations relating to Unum's address, service information and actual service, and denies the remaining allegations set forth in Paragraph 2 of the Complaint.

3. Defendant Unitrin, Inc. is a foreign corporation that does business in Texas and can be served with citation by serving its registered agent for service, Secretary for UNITRIN, One East Wacker Drive, 11th Floor, Chicago, Illinois 60601 by certified mail, return receipt requested. Unitrin, along with UNUM, was the administrator of HERNANDEZ'S long-term disability benefit plan.

**Answer:** Unitrin admits that it does business in Texas and that Paragraph 3 correctly identifies its registered agent for service, but denies the remaining allegations set forth in Paragraph 3 of the Complaint.

## II.  JURISDICTION

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. 1331, as the Plaintiff's claims are for disability benefits under ERISA (Employees Retirement Income Security Act of 1975) [sic].

**Answer:** Unitrin admits the allegations set forth in Paragraph 4 of the Complaint.

## III.  FACTS

5. Plaintiff Heriberto Hernandez worked as a door-to-door life insurance salesperson for the Reliable Life Insurance Company ("Reliable") from July 13, 1987 to August of 2000. In August of 2000 the Plaintiff was diagnosed with heart disease and coronary artery disease. In September of 2000, Hernandez underwent cardiac catheterization. He underwent coronary bypass surgery in November of 2000. In June 2001 the Plaintiff failed a breath test and was diagnosed with chronic obstructive pulmonary disease. As a result of Mr. Hernandez's heart and lung problems, he was only walk ½ to 1 block at a time subsequent to his heart surgery. Hernandez did not return to work after his heart surgery. His last day of work was August 22, 2000.

**Answer:** Unitrin admits that Plaintiff worked as a life insurance salesperson for The Reliable Life Insurance Company ("Reliable"), but denies that his employment was terminated in August 2000 and denies, for want of knowledge and information sufficient to form a belief, the remaining allegations set forth in Paragraph 5 of the Complaint.

2

6. Plaintiff's employer, Reliable, as part of a group of insureds, paid the premiums for the long term disability policy. The Plaintiff was the beneficiary of the long-term disability policy with UNUM. Defendant UNITRIN, INC. was the plan sponsor. The policy was in force when Mr. Hernandez became disabled in August of 2000. Plaintiff was paid short-term disability benefits for 26 weeks, the maximum length that his policy allowed. The short-term disability payments ceased on February 19, 2001.

**Answer:** Unitrin admits that a long-term disability policy through Unum, of which Unitrin was the policyholder, was secured to provide long-term disability benefits to eligible employees of Reliable and that that policy was in force in August 2000. Unitrin further admits that Plaintiff received short-term disability payments for 26 weeks but denies that the payments were made pursuant to a short-term disability policy. Unitrin denies, for want of knowledge and information sufficient to form a belief, the remaining allegations set forth in Paragraph 6 of the Complaint.

7. After his short-term disability benefits ended, Plaintiff applied for long-term disability benefits with UNUM. His claim was denied by UNUM by letter dated June 4, 2001. Pursuant to the Plaintiff's appeal of UNUM'S decision, in December of 2001 the Plaintiff agreed to the IME that UNUM requested. The IME was performed by Donald Weiner, Ph.D., a psychologist, on December 10, 2001. UNUM submitted Dr. Weiner's report to Dr. Milton Jay, a consulting neuropsychologist, along with the Plaintiff's medical records. Although he never saw the Plaintiff, Dr. Jay opined that the Plaintiff was malingering and was able to perform his work. Based upon these documents, on February 8, 2002, UNUM transmitted a letter to the Plaintiff, advising him that UNUM'S prior decision regarding disability benefits was being upheld, but that the information would be forwarded to UNUM'S Quality Performance Support Unit in Portland, Maine.

**Answer:** Unitrin admits, on information and belief, that Plaintiff applied to Unum for long-term disability benefits and that that claim was denied. Unitrin denies, for want of knowledge and information sufficient to form a belief, the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Despite this second denial, the Plaintiff received a letter on February 18, 2002, indicated that is original request for appeal, received by UNUM on October 17, 2001, was untimely and therefore UNUM would not entertain any further appeal.

**Answer:** Unitrin denies, for want of knowledge and information sufficient to form a belief, the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Plaintiff was granted Social Security disability benefits in the fall of 2001 and received benefits, either in the form of monthly payments or back benefits, since February of 2001.

**Answer:** Unitrin denies, for want of knowledge and information sufficient to form a belief, the remaining allegations set forth in Paragraph 9 of the Complaint.

## IV.   CAUSE OF ACTION UNDER ERISA

10. Plaintiff brings this cause of action for benefits under 29 U.S.C.A. 1132(a) of ERISA.

**Answer:** Unitrin admits that the Complaint purports to state a cause of action for benefits under 29 U.S.C. § 1132(a), which is a subsection of the Employee Retirement Income Security Act of 1974 ("ERISA"), but denies that Unitrin has violated ERISA in any way or that the allegations set forth in the Complaint have any merit.

## V.   DAMAGES

### A.   Actual Damages

11. Plaintiff has incurred actual damages in the amount of $9,706.50, representing the net back benefits due from the date of termination of the elimination period, February 20, 2001, to the present (August 20, 2002), calculated @ $539.25 per month, after application of the offset of monthly Social Security Disability Benefits that the Plaintiff received. The calculation is based upon Hernandez's salary for 1999, which was $32,865.11.

**Answer:** Unitrin is without knowledge or information sufficient to form a belief as to the basis for Plaintiff's calculation of alleged damages, and therefore denies said allegation. Unitrin further denies that Plaintiff is entitled to any damages, based on any calculation, as well as the remaining allegations set forth in Paragraph 11 of the Complaint.

4

### B. Additional Relief Under ERISA

12. In addition, Plaintiff prays for a judgment clarifying his rights to future monthly disability benefits under 1132(a).

**Answer:** Unitrin admits that Plaintiff is seeking a judgment clarifying his rights to future benefits under 29 U.S.C. § 1132(a), but denies that he is entitled to such relief.

## VI. STATUTORY INTEREST

13. Although this is an ERISA case, the interest provisions of Article 21.55 of the Texas Insurance Code should apply, as Article 21.55(6) of the Texas Insurance Code is a statute that regulates insurance within the meaning of ERISA's savings clause. Further, the interest provisions of Article 21.55 are not inconsistent with the civil enforcement provisions of ERISA, but rather complement them. As such, 18% interest should attach to all sums due the Plaintiff beginning on the 61st day after the date that benefits should have been paid under ERISA to the date of judgment in this matter.

**Answer:** Unitrin denies the allegations set forth in Paragraph 13 of the Complaint.

## VII. ATTORNEY'S FEES

14. In addition, the Plaintiff prays for his attorney's fees and costs under 29 U.S.C.A. 1132(g).

**Answer:** Unitrin admits that Plaintiff is seeking attorney's fees and costs under 29 U.S.C. § 1132(g), but denies that he is entitled to such relief.

### Affirmative Defenses

1. Unitrin is not a proper party to the litigation as it did not exercise, and did not have the discretion to exercise, any control over Unum's decision as to whether to provide Plaintiff with long-term disability benefits.

WHEREFORE, having fully answered, Defendant Unitrin, Inc., prays that this Honorable Court dismiss with prejudice the allegations against Defendant Unitrin, Inc. set forth in Plaintiff Heriberto Hernandez's Original Complaint, and for such other relief as this Honorable Court deems just and equitable.

Respectfully Submitted:

By: _____
Valorie C. Glass
Federal ID No. 15303
State Bar No. 00784135
P. O. Box 3725
McAllen, Texas 78502
Tel: (956) 682-5501
Fax: (956) 686-6109

ATTORNEY IN CHARGE FOR
DEFENDANT UNITRIN, INC.

Of Counsel:
Victoria L. Donati
Neal, Gerber & Eisenberg
Two North LaSalle Street
Suite 2200
Chicago, IL 60602
(312) 269-8000

ATLAS & HALL, L.L.P.
P. O. Box 3725
McAllen, Texas 78502
Tel: (956) 682-5501
Fax: (956) 686-6109

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that, on November 12, 2002, she served Plaintiff's counsel of record with a copy of the foregoing Answer To Plaintiff's Original Complaint And Jury Demand, by certified mail, return receipt requested, addressed as follows:

>Jeffrey E. Dahl, Esq.
>Harkins, Latimer & Dahl, P.C.
>405 North St. Mary's Street
>Suite 242
>San Antonio, TX  78205

_____
Valorie Glass

NGEDOCS:014280.0009:790996.1